UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff<br>v.<br><br>2010 Mercedes Benz G4<br>VIN: 4JGBF7BE7AA620733<br><br>**Defendant.** | Civil Action No.  8:18-CV-0592 (GTS/DJS) |

## VERIFIED COMPLAINT OF FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Grant C. Jaquith, United States Attorney for the Northern District of New York, and Tamara B. Thomson, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF ACTION

1) This is an action to forfeit and condemn to the use and benefit of the United States of America 2010 Mercedes Benz G4 VIN: 4JGBF7BE7AA620733 ("defendant property") in violation of 8 U.S.C. § 1324(a).

## THE DEFENDANT IN REM

2) The defendant 2010 Mercedes Benz G4 VIN: 4JGBF7BE7AA620733 was seized from Habib Muhammed on December 30, 2017 at the Mooers, New York Port of Entry. The defendant property is titled to Habib Muhammed.

3) The defendant property is presently in the custody of the Department of Homeland Security, U.S. Customs and Border Protection.

## JURISDICTION AND VENUE

4) Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5) This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6) Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7) The defendant 2010 Mercedes Benz G4 VIN: 4JGBF7BE7AA620733 is subject to forfeiture pursuant to 8 U.S.C. § 1324(b) which provides for the forfeiture of:

> "Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture."

## FACTS

8) The facts alleged in this complaint are based upon information and belief, the sources of which are reports from the U.S. Customs and Border Protection ("CBP"), and other written and oral information officially received by the Office of the United States Attorney for the Northern District of New York.

9)   On December 30, 2017, at approximately 12:10 a.m., Habib Muhammed (hereinafter "Muhammed"), presented himself for inspection at the Mooers, New York Port of Entry. Muhammed was the sole occupant and driver of the defendant 2010 Mercedes Benz G4.

10)   Muhammed stated that he was a returning U.S. citizen and that he was going to his home in Brooklyn, New York. He explained that he had been in Canada for two nights and had traveled to Montreal to see a friend for business purposes.

11)   During the primary inspection, CBP officers noticed multiple bags in the rear of the vehicle inconsistent with a short trip. Muhammed orally declared all items in his vehicle as his own.

12)   Muhammed was referred for secondary inspection due to the inconsistencies in his explanations. During the secondary inspection, CBP Officers confronted Muhammed with the amount of baggage in his vehicle. Altering his initial story that the items in the vehicle were his own, Muhammed explained that the baggage belonged to a friend named "Emil", who had asked him to bring the bags to New York.

13)   During the secondary inspection, CBP officers also discovered near the center console of the vehicle a portfolio that contained multiple pages of an Ontario Driver's License Application in the name of "Avlat Ahmedov, 03/03/88" and a two-part Uzbekistan Driver's License that was also in the name of Ahmedov.

14)   Additionally CBP officers discovered in one of the pieces of luggage a photocopy of a Ukrainian passport issued to "Bahodir Rustamov, 3/17/79". When the CBP Officer confronted Muhammed with this information, he changed his story again, claiming that the baggage belonged to multiple individuals, and that he was receiving $150 per bag to bring them to New York City. Muhammed further changed his story stating that two unknown individuals flagged him down on the side of the road and asked him to bring the bags to Brooklyn.

15) CBP Officers observed that the rear floorboard area of the vehicle had wet footprints. When asked by CBP Officers about this, Muhammed changed an earlier statement-that no one had been in the vehicle for five days-and explained that he had forgotten that there had been people in his vehicle the previous day in Montreal.

16) CBP Officers transferred Muhammed to the Champlain Port of Entry to continue their examination.

17) At 1:22 a.m. that same day, United States Border Patrol apprehended two individuals approximately 1.5 miles south of the U.S. Border. It is believed that the individuals crossed into the United States at an area approximately 2.5 miles west of the Mooers, New York Port of Entry and were tracked to the area of their apprehension, which is approximately 3 miles southwest of the Mooer's, New York Port of Entry.

18) At approximately 4:00 a.m., CBP Officers obtained identification of the two individuals to be "Davlat Ahmedov, 03/03/1988" and "Bahodir Rustamov 03/17/1979". These individuals were both nationals of Uzbekistan.

19) At 4:40 a.m. CBP Officers questioned Muhammed regarding his trip to the border. He reiterated that two men gave him the bags during a roadside encounter that occurred before he arrived at the U.S. Border. He informed the CBP Officer that he believed that the two men were attempting to cross the border.

20) At approximately 6:45 a.m. and after waiving his rights under Miranda CBP officers conducted an interview of Mohammed. Muhammed told the officers the following:

    a) He resides in Brooklyn, New York.

b) He went to Canada on December 27, 2017, to visit a friend in Montreal and discuss business related to opening a restaurant. Muhammed stated that he stayed one night in Montreal and then went to Toronto area where he visited and stayed with friends.

c) He stated that no one had been in the vehicle since he left Brooklyn and he traveled alone from Brooklyn to Canada, while he was in Canada, and from Canada to the U.S. Border.

d) Muhammed claimed that the bags in his vehicle belonged to two unknown individuals that had flagged him down on the side of the road, north of the U.S. Border.

e) He did not know which direction the men were traveling but they convinced him to bring their baggage to their mothers in New York.

f) Muhammed initially claimed that they gave him two bags (a red and black suitcase) and nothing more. When CBP Officers asked him about the portfolio found in the front of his vehicle, Muhammed claimed that he had forgotten that they also handed him a portfolio and that he never looked at it. When asked why he initially claimed all the baggage in the vehicle as his own, he stated that he had did not expect to be searched.

g) CBP Officers asked Muhammed why he crossed at the Mooers, New York POE and he claimed that his GPS routed him there on his way from Toronto to Brooklyn.

h) Muhammed stated that he knew it was illegal to help people enter the country that he would not do that and no one gave him any money.

## POTENTIAL CLAIMANTS

21) On February 16, 2018, the U.S. Customs and Border Protection received an administrative claim from Muhammed for the defendant property.

22) Upon information and belief, the following person/s who may claim an interest in the defendant property are not in the military service, are not infants and are not incompetent persons

**WHEREFORE**, the United States of America prays that process of issue in due form of law, according to the course of this Court in actions *in rem*, against the defendant property and that a warrant issue for the arrest of the defendant as more particularly described herein; that all persons having any interest therein be cited to appear herein and answer the complaint; that a judgment be entered declaring the defendant condemned and forfeited to the United States of America for disposition in accordance with law; that the costs of this suit be paid to and recovered by the United States of America; and that the United States be granted such other and further relief as this Court may deem just and proper.

Dated: May 17, 2018

GRANT C. JAQUITH
United States Attorney

By:  /s
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF CLINTON      )

Jason L. Brault, being duly sworn, deposes and states:

I am an Officer with U.S. Customs and Border Protection. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 17th day of May, 2018.

_____
Jason L. Brault, CBPO
U.S. Customs and Border Protection

Sworn to and subscribed before me this 17th day of May, 2018.

JUDITH A. STOTT
Notary Public, State of New York
No. 01EX6025644
Qualified in Clinton County
Commission Expires April 4, 20 22

_____
Notary Public

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
2010 Mercedes Benz G4 VIN: 4JGBF7BE7AA620733

**(b)** County of Residence of First Listed Plaintiff: **Albany**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Clinton**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tamara Thomson, Assistant U.S. Attorney (315) 448-0672
United States Attorney's Office, 100 South Clinton Street
Syracuse, New York 13261

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | [X] 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 USC 1324(b)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 05/17/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Tamara B. Thomson

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT **Waived**   APPLYING IFP ___   JUDGE **GTS**   MAG. JUDGE **DJS**

Case No.: 8:18-CV-0592